# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| TOMMY HUBERT, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| CAPITAL MANAGEMENT § | |
| SERVICES, LP, § | |
| Defendant § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it

may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Tommy Hubert ("Plaintiff"), is a natural person residing in Tyler County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Capital Management Services, LP ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10.   Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.   Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12.   Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.   Defendant placed a telephone call to Plaintiff's home phone on August 15, 2010 @ 9:15 P.M., a time or place which Defendant knew or should have known to be inconvenient for Plaintiff. (15 U.S.C. § 1692c(a)(1)).

14.   During a telephonic communication on July 10, 2010 @ 9:15 P.M. Defendant called Plaintiff a "lowlife S.O.B." language intended to unreasonably abuse Plaintiff. (15 U.S.C. §§ 1692c(a)(1), 1692d(2); Tex Fin Code § 392.302(1)).

15.   Defendant placed repeated and continuous telephone calls to Plaintiff,

conduct intended to harass, annoy or abuse Plaintiff. (Plaintiff had stated to Defendant repeatedly during communications with Defendant that Plaintiff refused to pay any monies toward the alleged debt, as the alleged debt is approximately 15 years old). (15 U.S.C. § 1692d(5); Tex Fin Code § 392.302(4)).

16. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

17. Plaintiff repeats and re-alleges each and every allegation contained above.

18. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

19. Plaintiff repeats and re-alleges each and every allegation above.

20. Defendant violated the Texas Debt Collection Practices Act in one or more of the aforementioned and following ways:

   a. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the TDCPA;

   b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

   c) Awarding Plaintiff actual damages pursuant to the TDCPA;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and

proper.

## COUNT III—DTPA

21. Plaintiff reincorporates by reference herein all prior paragraphs above.

22. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

23. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

24. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

25. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

26. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

27. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

28. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional

and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

29. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

30. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) a declaratory judgment be entered that Defendant's conduct violated the DTPA;

(b) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(c) an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct

is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(d) such other and further relief as may be just and proper.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5927 Almeda Road
#20818
Houston TX 77004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on November 18, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Eastern District of Texas, Beaumont Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz